ON PETITION FOR REHEARING

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

---

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

LATASHA MARIE SMITH,
*Defendant-Appellant.*

No. 99-4899

---

Appeal from the United States District Court
for the Western District of Virginia, at Charlottesville.
James H. Michael, Jr., Senior District Judge.
(CR-98-37)

Submitted: July 24, 2001

Decided: August 15, 2001

Before MURNAGHAN,* NIEMEYER, and MICHAEL,
Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Charles Y. Sipe, GOODMAN, WEST & FILETTI, P.L.L.C., Charlottesville, Virginia, for Appellant. Robert P. Crouch, Jr., United

---

*Judge Murnaghan was assigned to the panel in this case but died prior to the time the original decision was filed. This decision is also filed by a quorum of the panel pursuant to 28 U.S.C. § 46(d).

States Attorney, Ray B. Fitzgerald, Jr., Assistant United States Attorney, Darcy Goodard, Third Year Practice Student, Charlottesville, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Latasha Marie Smith appeals her convictions and sentence for one count of conspiracy to distribute cocaine base, 21 U.S.C. § 846 (1994), and one count of knowingly and intentionally possessing with intent to distribute cocaine base, 21 U.S.C. § 841(a)(1) (1994). Finding no reversible error, we affirm.*

Smith challenges the sufficiency of the evidence as to both of her convictions. In reviewing a sufficiency of the evidence claim on appeal, we must sustain the verdict if the record contains "substantial evidence, taking the view most favorable to the Government, to support it." *Glasser v. United States*, 315 U.S. 60, 80 (1942). In applying this standard, we give due regard to the fact finder's prerogative to

---

*This opinion was originally issued on September 20, 2000. On October 30, 2000, the court granted Smith's petition for rehearing, denied the petition for rehearing en banc, and placed the appeal in abeyance pending this Court's decisions in *United States v. Promise*, ___ F.3d ___, 2001 WL 732389 (4th Cir. June 29, 2001) (en banc), and *United States v. Perez*, 2001 WL 37520 (4th Cir. Jan. 16, 2001) (No. 00-4036) (unpublished). Smith argued that her term of imprisonment and period of supervised release violated the rule announced in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Smith's term of imprisonment is proper under this court's reasoning in *United States v. White*, 238 F.3d 537 (4th Cir. 2001). Furthermore, her period of supervised release is authorized by statute. *See* 18 U.S.C. § 3583(b) (1994); *United States v. Good*, 25 F.3d 218, 220 n.3 (4th Cir. 1994).

resolve questions of credibility. *See United States v. Burgos*, 94 F.3d 849, 862-63 (4th Cir. 1996). We find that evidence clearly established that Smith was involved in the narcotics conspiracy and that she constructively possessed cocaine in March 1997 at the Charlottesville, Virginia bus station.

We also find that the district court did not abuse its discretion in admitting evidence that a co-defendant murdered a person who allegedly stole drugs and money from a member of the conspiracy. *See United States v. Brooks*, 111 F.3d 365, 371 (4th Cir. 1997) (evidentiary decisions are reviewed for abuse of discretion). The evidence was admissible against the co-defendant. *See United States v. Miller*, 116 F.3d 641, 682 (2d Cir. 1997); *United States v. Chin*, 83 F.3d 83, 87-88 (4th Cir. 1996). The probative value of the evidence was not substantially outweighed by the danger of unfair prejudice. *See* Fed. R. Evid. 403. Because the evidence pertained to only one defendant and the district court gave a limiting instruction, we conclude Smith was not prejudiced by the evidence.

Because the evidence of the co-defendant's participation in a murder was admissible and Smith was not prejudiced by such evidence, the denial of Smith's motion to sever was not an abuse of discretion. *See United States v. Haney*, 914 F.2d 602, 606 (4th Cir. 1990).

We also find the district court did not clearly err in attributing 542 grams of crack cocaine to Smith for sentencing purposes. *See* 18 U.S.C. § 3742(e) (1994); *United States v. Fletcher*, 74 F.3d 49, 55 (4th Cir. 1996); *United States v. Uwaeme*, 975 F.2d 1016, 1018 (4th Cir. 1992). The preponderance of the evidence supported the district court's findings. *See United States v. Goff*, 907 F.2d 1441, 1444 (4th Cir. 1990).

Nor did the district court clearly err in adding two points to Smith's criminal history point total based on that fact that she was a member of the conspiracy while she was serving a good behavior sentence for a misdemeanor offense. *See United States v. McManus*, 23 F.3d 878, 882 (4th Cir. 1994) (district court's conclusion regarding criminal history category is reviewed for clear error). It is presumed Smith continued to be involved in the conspiracy because she did not make an

affirmative act withdrawing from the conspiracy. *See United States v. Walker*, 796 F.2d 43, 49 (4th Cir. 1986).

We find the district court did not abuse its discretion in denying Smith's motion to reconsider the denial of a mental evaluation under 18 U.S.C. § 4244 (1994). Finally, because the district court knew it had the discretion to depart from the sentencing guidelines due to diminished capacity, the district court's decision declining to depart is not reviewable by this court. *See United States v. Jones*, 18 F.3d 1145, 1148 (4th Cir. 1994); *United States v. Bayerle*, 898 F.2d 28, 30-31 (4th Cir. 1990).

Accordingly, we affirm the convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*